The Chancellor.
In the first place, it is insisted by the defendants, that there was actual fraud in the administrator’s sale; that the complainant resorted to various contrivances to depreciate the value of the property, and thus to become the purchaser at less than its real value, through an agent who aided him for this purpose. If the *20 proof established this position, the complainant would not be entitled to the aid of this court to relieve him from any embarrassments which are the consequences of actual fraud meditated or committed by him. This court would not aid him, under such circumstances, to protect a title which he had obtained by means to which moral turpitude could be justly imputed, although he might have paid a valuable and adequate consideration for the property which had enured to the pecuniary advantage of the defendants. The complainant asks the aid of the court, on the ground that he has acted in good faith and for the benefit of his trust. If a trustee becomes the pur-, chaser at his own sale, it is the option of the cestui que trust to treat him still as trustee. The trustee can derive no benefit from the purchase. If he has acted without moral turpitude, a court of equity may protect him, and in ordinary eases will protect him, so far as to give him a lien on the property for any advances of a reasonable nature which he may have made. If he has been guilty of actual fraud the court will not extend to him any protection.
I do not think the proof sufficient' to establish actual fraud. There is reason to apprehend that the property did not sell for its full value; and although it is alleged that this was occasioned by what was said and done by the complainant at the time of and just previous to the sale, the proof is not sufficient to establish the allegation of actual fraud. The testimony of Wood, as to what was said by the complainant, cannot be relied on. At the time of his examination the witness was so hard of hearing that his evidence could not be taken by the master, except by written interrogatories. He was testifying as to what he had heard some eight or ten years previous, at which time he says his hearing was not as good as at the time he was examined as a witness. The evidence of John S. Mulford is not admissible. He is giving testimony in his own case. The cases of 3 Greenl. *21 § 826; Brown v. Gredy, 2 Dick. 504; Gross v. Tracy, 1 P. Wm. 287; Haws v. Hand, 2 Atk. 615; Cope v. Perry, 2 Jac. & Walk. 573, establish, I think, only this proposition, that where a witness is examined being at that time indifferent, and afterward by accident becomes interested, his deposition may be read. This is a different case. The witness was a necessary party at the time his evidence was taken, and he was made a defendant afterwards, because the court declared that he had such an interest in the suit that no decree could be made without making him a party to the record. If his evidence were legal, it should be received with great caution, and is not entitled to the weight of that of an impartial witness. He manifests, in his evidence, very bitter feelings of hostility towards his brother, the complainant. He was co-administrator, and yet ho executed the deed without any hesitation, and made no complaint at the time of any improper conduct on the part of the complainant. If his evidence is true, he acted most unfaithful to his trust as administrator. It is very manifest that his feelings of hostility have given a color to his testimony, which it may well be doubted whether the real facts will warrant.
This court not being closed against the complainant on account of any actual fraud justly imputed to him, it .remains to consider whether he is entitled to any, and what relief, upon his ease,as made by the pleadings and proofs?
His right to come into this court for relief is based upon the fact, that he stands, in reference to the property in dispute, in the character of a trustee. In the execution of his trust, as the administrator of the estate of Mason Mulford, deceased, the duty was imposed upon him of selling the real estate of his intestate. At the sale, he himself became the purchaser, though indirectly, through the agency of another. It is true he denies this in his bill. He alleges, however, that he cannot prove the real nature of the transaction, and admits that the evidence is such as to compel him to assume this position. It is the *22 ground of his equity. It is the only ground upon which his bill can stand. If he was not the purchaser at his own sale, he has no business in this court. The relief the complainant asks for is, that his title may be confirmed, or that the moneys advanced by him as the purchase money may be decreed a lien upon the land.
He asks that his title maybe established and confirmed, on the ground of acquiescence in his title by the heirs at law of Mason Mulford by acts on their part which he alleges in equity amount to a confirmation of his title.
That there may be such acts of acquiescence on the part of a cestui que trust, standing in the relation which these defendants bear to the complainant in this transaction, as will debar him from the right of having the sale set aside, there can be no doubt. The acts of acquiescence and confirmation upon which the complainant relies are: 1st, that the defendants stood by for a number of years and saw the complainant put valuable improvements upon the property without objection; and, 2d, that a part of the purchase money, with their consent, was appropriated to pay off the debts of the estate, and that they received the balance, amounting to six hundred dollars, in the distribution of the estate.
I deem it unnecessary, for the determination of this case, to review the numerous authorities upon the question, as to the character of the acts which the court will construe as acts of acquiescence and confirmation of such titles as the one we are considering. A large number of them may be found collected in the case of Butler and others v. Haskell, 1 Dess. 708. One principle is well settled by all the authorities, and that is, no act will be held as an act of confirmation by a court of equity, unless it was done with a knowledge of his legal and equitable rights by the party whose rights it is sought to conclude by it. A title needs no confirmation, unless it has some defects which renders it subject to the rights of others who claim adversely to the person holding the legal title. *23 It is evident that no act can he properly construed as an act of confirmation, unless the party, at the time he does the act, has knowledge of the title which the act is alleged to confirm. When the complainant in this case sets up that the defendants quietly stood by, and acquiesced in his possession of the property, and saw him expend money in improvements, and that they received the benefit of the purchase money, it was incumbent on him, in order to give to those acts the character of acts confirming his title, to show that they knew the defects of his title, and their legal rights growing out of such defects.
When these acts were done, did the defendants have knowledge of their rights ? did they know the fact, that the complainant was the purchaser at his own sale, as administrator ? Their rights are founded upon this fact, and if they did not know this fact then they wore ignorant of their rights, and their acts cannot be construed into curing a defect which they were ignorant of at the time. The property was publicly struck off to Isaac Mulford, and the deed executed to him. The sale, to all outward appearances, was a fair and bona fide sale to Isaac Mulfbrd. There was no evidence that the complainant was in fact the purchaser through Isaac Mulford, as his agent. Indeed the complainant denies this to be so by his bill, and alleges that Isaac Mulford was the real purchaser, hut that in consequence of his death, the complainant cannot prove it. The evidence, that the complainant was indirectly the purchaser, is sufficiently established by the fact, that on the same day that the property was conveyed to Isaac Mulford, and for the same consideration, it was conveyed to the complainant, and by the subsequent conduct of the parties. But the defendants did not know this fact. The complainant did not put his deed upon record. He concealed from the defendants his title. The very bill which the complainant has filed in this cause shows that the defendants were ignorant of their rights. It shows that, so far from the complainant admitting to them what their legal rights were, in order that *24 they might confirm his title, or assert their own rights, he denied their rights, and the fact upon which those rights are founded. It would he most inequitable and unjust for this court to say, that while the complainant was holding the defendants at arms length, denying that they had any rights, and suppressing the evidence of them, that acts not intended by the parties as acts confirming the complainant’s title, or done with any such view, should, nevertheless, have that construction put upon them by this court.
It is very true the defendants suspected that the complainant’s title was not good, as against them. If the complainant had admitted this, or if the. defendants had had knowledge of all the facts upon which their rights were founded, then the acts alleged might have been construed in confirmation of the title of the complainant. But the complainant denied their rights, and the defendants did not know what the title of the complainant was, or from whom or under what circumstances he had derived his title.
I do not think that the rights of any of these defendants are concluded by anything they have done, except those of John S. Mulford and of the claimants under him. He was co-administrator with the complainant. He admits that he knew of the sale being improperly conducted, and that he knew of his co-administrator’s being the purchaser, and that he remonstrated with him at the time. And yet he confirms the sale, by joining with the complainant in making a deed for the property. His own conduct, as administrator, was very objectionable, and he shows that he did not faithfully fulfil his trust. Hnder such circumstances, if he had filed his bill in this court, the court would not have relieved him against this sale'; and if so, he is not entitled to any benefit under this suit.
The other defendants are entitled to redeem this property, if they see proper to do so. Bor that purpose, an account must be taken of the rents and profits of the estate since the complainant has had possession, and of *25 the permanent improvements put upon the same, and of the purchase money paid by the complainant. Upon the coming in of the report, the usual time must be allowed the defendants to redeem their interest in the property. It will be necessary for the master to ascertain the respective interests of the defendants, and the amount to be paid by them respectively.